IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07-CV-59-ID-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW Defendants Michael Astrue, in her official capacity as Commissioner of Social Security, and the Social Security Commission, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims and damages are barred because she has failed to fully exhaust her administrative remedies.

**THIRD DEFENSE**

To the extent Plaintiff alleges conduct or claims not properly addressed in her administrative complaints, such claims are barred.

**FOURTH DEFENSE**

Defendants deny the allegations of retaliation and discrimination in Plaintiff's Complaint and demand strict proof of all matters contained therein.

**FIFTH DEFENSE**

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and did not violate any legal rights possessed by her.

**SIXTH DEFENSE**

Defendants exercised reasonable care to prevent and promptly correct unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

**SEVENTH DEFENSE**

Some, or all, of Plaintiff's claims may be barred by the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, and/or waiver.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

**NINTH DEFENSE**

Defendant Social Security Administration is not a proper defendant in a Title VII lawsuit.

**TENTH DEFENSE**

Defendants reserve the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## ELEVENTH DEFENSE

NOW, having set forth certain of their defenses herein, Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION

1.

Answering Paragraph 1 of the Complaint, Defendants aver that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"). Answering further, Defendants aver that the Court has subject matter jurisdiction over Title VII cases pursuant to 28 U.S.C. § 1331. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 1 of the Complaint.

2.

Answering Paragraph 2 of the Complaint, Defendants state that whether Plaintiff has fulfilled all conditions precedent by exhausting her mandatory administrative remedies is a legal issue not properly subject to admission or denial in an Answer.

## VENUE

3.

Answering Paragraph 3 of the Complaint, Defendants admit that the Social Security Administration's Office of Hearings and Appeals (now known as the Office of Disability Adjudication and Review ("ODAR")) is located within this judicial district and that venue is proper in this district and division. Answering further, Defendants expressly deny that Defendants engaged in any unlawful employment practices or any other unlawful conduct. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 3 of the Complaint.

## PARTIES

4.

Answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff is an African-American female resident of the United States and that she is employed by Defendants. Answering further, Defendants are without sufficient information or knowledge to admit or deny whether Plaintiff resides in Nashville, Tennessee. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.

Answering Paragraph 5 of the Complaint, Defendants aver that Jo Ann Barnhart was the Commissioner of the Social Security Administration. Answering further, Defendants aver that Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007, and that he has been substituted as a defendant pursuant to Fed. R. Civ. P. 25(d)(1).

6.

Answering Paragraph 6 of the Complaint, Defendants admit that the Social Security Administration is a federal agency that employs more than 15 persons within the State of Alabama. Answering further, Defendants aver that Defendant Social Security Administration is not a proper defendant in a Title VII action. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.

Defendants admit Plaintiff's allegations in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Defendants admit that Paul Reams holds a management position with the Social Security Administration and that at some point in time he did become aware that Plaintiff had at some point in time made EEO complaints. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 8 of the Complaint

9.

Answering Paragraph 8 of the Complaint, Defendants admit that Cynthia Lamar holds a management position with the Social Security Administration and that at some point in time did become aware that Plaintiff had at some point in time made EEO complaints. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 9 of the Complaint

10.

Defendants admit Plaintiff's allegations in paragraph 10 of the Complaint.

11.

Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiff filed an Equal Employment Opportunity complaint against the Social Security Administration for alleged discrimination in regards to her non-selection to a Legal Assistant position. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 11 of the Complaint.

12.

Defendants deny the allegations in Paragraph 12 of the Complaint.

13.

Answering Paragraph 13 of the Complaint, Defendants are without sufficient information to admit or deny these allegations, and thus they are deemed denied.

14.

Defendants admit the allegations in Paragraph 14 of the Complaint.

15.

Answering Paragraph 15 of the Complaint, Defendants aver that in a written memorandum dated October 7, 2004, Gloria Bozeman denied Plaintiff's request for a hardship transfer to the Birmingham Hearing Office. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 15 of the Complaint.

16.

Answering Paragraph 16 of the Complaint, Defendants aver that Ms. Lamar performed an audit on or about November 5, 2004. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations in Paragraph 18 of the Complaint.

19.

Answering Paragraph 19 of the Complaint, Defendants are without sufficient information to admit or deny these allegations, and thus they are deemed denied.

20.

Answering Paragraph 20 of the Complaint, Defendants aver that Plaintiff parked her vehicle in a handicapped parking spot even though she was not handicapped. Answering further,

Defendants aver that Plaintiff was asked to move her vehicle. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations in Paragraph 21 of the Complaint.

22.

Answering Paragraph 22 of the Complaint, Defendants admit that Mr. Reams sent an email on January 29, 2005, with the subject "handicapped parking." Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 22 of the Complaint.

23.

Answering Paragraph 23 of the Complaint, Defendants aver that vacancy announcements were advertised for a legal assistant position in Chattanooga, TN, in February 2005, and in Atlanta, Georgia, in February, 2005, and July 2005. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 23 of the Complaint.

24.

Answering Paragraph 24 of the Complaint, Defendants aver that Plaintiff alleged on February 23, 2005, that a vehicle she had purchased on February 19, 2005, had been damaged while parked in the employee parking lot and that she had contacted the police. Defendants also aver that Plaintiff made these allegations in an email to Mr. Reams and that she requested that the agency pay for the cost of repair. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 24 of the Complaint.

25.

Answering Paragraph 25 of the Complaint, Defendants aver that Plaintiff had a meeting with Ms. Lamar. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 25 of the Complaint.

26.

Answering Paragraph 26 of the Complaint, Defendants aver that Ms. Lamar returned a claimant's case on or about April 11, 2005, for completion of development consistent with the judge's instructions issued on October 14, 2004. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 26 of the Complaint.

27.

Answering Paragraph 27 of the Complaint, Defendants aver that the Administrative Law Judge issued a finding of no-discrimination on May 19, 2005, regarding Plaintiff's EEO complaints in EECO case number 130-2005-00007X and Agency case number 03-375. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 27 of the Complaint.

28.

Defendants deny the allegations in Paragraph 28 of the Complaint.

29.

Answering Paragraph 29 of the Complaint, Defendants aver that Ms. Lamar reassigned a claimant's case to Plaintiff for further action on or about June 7, 2005. Answering further, Defendants aver that Ms. Lamar's email of June 7, 2005 speaks for itself. Answering further, Defendants aver that Plaintiff had a meeting with Ms. Lamar on June 7, 2005, in Ms. Lamar's

office. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 29 of the Complaint.

30.

Answering Paragraph 30 of the Complaint, Defendants aver that Plaintiff received an email from Ms. Lamar on June 9, 2005, reminding her of a Weingarten meeting scheduled for June 13, 2005. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 30 of the Complaint.

31.

Defendants admit the allegations in Paragraph 31 of the Complaint.

32.

Defendants admit the allegations in Paragraph 32 of the Complaint.

33.

Answering Paragraph 33 of the Complaint, Defendants aver that a decision to suspend Plaintiff was issued on July 21, 2005. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 33 of the Complaint.

34.

Answering Paragraph 34 of the Complaint, Defendants admit that on or about June 28, 2005, Plaintiff responded to a note from Ms. Lamar instructing her to "Correct the T&A roster and your SSA-71 to reflect 4 ½ hours leave for 6-27." Except as specifically admitted herein, Defendants deny the allegations in Paragraph 34 of the Complaint.

35.

Answering Paragraph 35 of the Complaint, Defendants aver that Plaintiff submitted a hardship transfer request on or about June 29, 2005. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.

Answering Paragraph 36 of the Complaint, Defendants are without sufficient information to admit or deny these allegations, and thus they are deemed denied.

37.

Answering Paragraph 37 of the Complaint, Defendants admit that Plaintiff set off the alarm in the Social Security office on or about July 14, 2005. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 37 of the Complaint.

38.

Answering Paragraph 38 of the Complaint, Defendants admit Mr. Reams sent an email on or about July 15, 2005, that stated, among other things, that "Yesterday, our alarm was set off by an employee who was still in the building at 6:15." Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 38 of the Complaint.

39.

Answering Paragraph 39 of the Complaint, Defendants admit that Plaintiff sent an email to Mr. Reams on or about July 15, 2005, regarding her setting off the alarm. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations in Paragraph 40 of the Complaint

41.

Answering Paragraph 41 of the Complaint, Defendants are without sufficient information to admit or deny these allegations, and thus they are deemed denied.

42.

Defendants admit the allegations in Paragraph 42 of the Complaint.

43.

Answering Paragraph 43 of the Complaint, Defendants aver that Plaintiff submitted a letter dated August 10, 2005, requesting a hardship transfer from the Montgomery, Alabama, hearing office. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 43 of the Complaint.

44.

Answering Paragraph 44 of the Complaint, Defendants aver that Plaintiff's August 10, 2005, request for a hardship transfer to Chattanooga, TN, was approved on or about September 1, 2005. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations in Paragraph 45 of the Complaint.

46.

Answering Paragraph 46 of the Complaint, Defendants are without sufficient information to admit or deny these allegations, and thus they are deemed denied.

47.

Answering Paragraph 47 of the Complaint, Defendants aver that Plaintiff filed an EEO complaint on or about August 9, 2005. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 47 of the Complaint.

48.

Defendants admit the allegations in Paragraph 48 of the Complaint.

49.

Defendants deny the allegations in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations in Paragraph 50 of the Complaint.

## COUNT ONE

## RETALIATION

51.

Answering Paragraph 51 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 50 above as if fully set forth verbatim herein.

52.

Defendants deny the allegations in Paragraph 52 of the Complaint.

53.

Defendants deny the allegations in Paragraph 53 of the Complaint.

54.

Defendants deny the allegations in Paragraph 54 of the Complaint.

## COUNT TWO

## HOSTILE WORK ENVIRONMENT

55.

Answering Paragraph 55 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 54 above as if fully set forth verbatim herein.

56.

Defendants deny the allegations in Paragraph 56 of the Complaint.

57.

Defendants deny the allegations in Paragraph 57 of the Complaint.

58.

Defendants deny the allegations in Paragraph 58 of the Complaint.

**PRAYER FOR RELIEF**

59.

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 58 of the Complaint, including subparts (a) through (i), Defendants deny each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendants.

60.

Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendants request that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award Defendants costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted,

LEURA G. CANARY
United States Attorney

By: s/James J. DuBois
JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: james.dubois2@usdoj.gov

**OF COUNSEL:**

Reginald V. Speegle, Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
61 Forsyth Street, S. W.
Suite 20T45
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Juraldine Battle-Hodge.

s/James J. DuBois
Assistant United States Attorney